IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 02: 09-cr-0246 |
| | ) | 02: 12-cv-0209 |
| FREDDIE LAMONT CLECKLEY | ) | |

**MEMORANDUM OPINION AND ORDER**

February 27, 2012

Presently before the Court for disposition is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, with brief in support (*Document Nos. 64 and 65* filed *pro se* by Petitioner / Defendant Freddie Lamont Cleckley ("Cleckley"). For the reasons discussed, the Court will dismiss this motion as an unauthorized second or successive motion under 28 U.S.C. § 2255.

**Procedural and Factual Background[1]**

On September 19, 2011, Cleckley filed, *pro se*, a Motion to Vacate under 28 U.S.C. § 2255 in the United States Court of Appeals for the Third Circuit. That same day, the court of appeals transferred the Motion to the United States District Court for the Western District of Pennsylvania. On September 22, 2011, the Clerk of this Court received the Motion to Vacate from the court of appeals and properly filed the Motion. On December 29, 2011, Cleckley filed, *pro se*, a Motion to Dismiss his § 2255 motion and sought leave to file a new motion to vacate sentence on the grounds that he "had an inmate help me and I don't think I did it right with him. . . ." Document No. 58.

---

[1] The parties and the Court are familiar with the extensive background facts of Cleckley's criminal prosecution, conviction, and sentence. Therefore, the Court will not detail the facts again.

On January 3, 2012, the Court ordered the government to respond to the Motion to Vacate and the Motion to Dismiss on or before January 10, 2012. The government thereafter filed a timely response.

By Memorandum Opinion and Order filed on February 14, 2012, the Court denied Cleckley's Motion to Vacate, the Motion to Dismiss and denied as futile Cleckley's request to amend his motion. A copy of the Memorandum Opinion and Order was mailed to Cleckley that same day via U.S. Postal Service to the following address: Freddie Lamont Cleckley, Register No. 30583-068, USP Atwater, U.S. Penitentiary, P. O. Box 190001, Atwater CA 95301. To date, Cleckley has not appealed the Memorandum Opinion and Order of February 14, 2012.

A week later, on February 21, 2012, Cleckley filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. The motion reflects that Cleckley signed the Motion on February 12, 2012. It is not clear if Cleckley filed this motion in an attempt to supplement his already adjudicated Section 2255 motion, if he desired to file a second § 2255 motion, or if he sent the instant Motion before he received the February 14, 2012 Memorandum Opinion and Order in which his original Section 2255 was denied as substantively without merit.[2]

---

[2] In Paragraph 10 of the instant Motion, Cleckley states that other than his direct appeal, he has not "previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court." Further, in Paragraph 14, Cleckley states that there is no "motion, petition or appeal now pending (filed and not yet decided yet) in any court for the judgment" he is challenging. There is no mention in this filing of the Section 2255 Motion that Cleckley filed on September 22, 2011.

2

**Discussion**

To the extent the Court adjudicated Cleckley's previous Section 2255 on the merits, the instant Section 2255 motion is considered a second or successive motion which requires authorization from the United States Court of Appeals for the Third Circuit. To obtain authorization from the appellate court, Cleckley must make "a prima facie showing that the application satisfies the requirements of [Section 2244(b)]." *In re Anthony Fola Olopade*, 403 F.3d 159, 162 (3d Cir. 2005). Reading Section 2255 and Section 2244(b)(2) together, this requires Cleckley to demonstrate that his second motion relies on "certain types of newly discovered evidence; or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* Cleckley has not obtained authorization from the Court of Appeals to present a second Section 2255 motion and, thus, this Court lacks jurisdiction to consider a second or successive 2255 Motion. *Robinson v. Johnson,* 313 F.3d 128, 139 (3d Cir. 2002). However, Cleckley is free to seek the approval of the court of appeals to file a second 2255 motion. *See* 28 U.S.C. § 2244(b).

In the event the instant motion is not deemed a second or successive petition, the Court finds that same should be denied for the same reasons as discussed in the Memorandum Opinion and Order of February 14, 2012. His unsupported allegations of ineffectiveness of counsel, without more, do not satisfy the standards set out in *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 09-cr-0246 |
| | ) | 02: 12-cv-0209 |
| FREDDIE LAMONT CLECKLEY | ) | |

## ORDER OF COURT

**AND NOW**, this 27th day of February, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on February 22, 2012, *pro se* by Petitioner Freddie Lamont Cleckley is **DISMISSED** as an unauthorized second or successive motion under 28 U.S.C. § 2255.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Almon S. Burke, Jr.,
Assistant U.S. Attorney
Email: Almon.Burke@usdoj.gov

Freddie Lamont Cleckley,
Register No. 30583-068
USP Atwater
U.S. Penitentiary
P.O. Box 0190001
Atwater, CA 95301