# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 02:09-cr-0246 |
| | ) |
| FREDDIE LAMONT CLECKLEY | ) |

## MEMORANDUM OPINION

Presently before the Court for disposition is the MOTION PURSUANT TO RULE 60(b)(6), FED. R. CIV. P. (ECF No. 84) filed *pro se* by Freddie Lamont Cleckley and the GOVERNMENT'S RESPONSE TO MOTION PURSUANT TO RULE 60(b), FED. R. CIV. P. For the reasons that follow, the Court will deny the motion.

## I.     Factual and Procedural Background

The parties are familiar with the background of Cleckley's criminal prosecution, conviction, and sentence. Thus, only the relevant portions of the procedural history will be recounted here.

On April 23, 2010, Cleckley pled guilty to each count of a three-count indictment which charged him with Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) ("Count One"); Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two"); and Possession of a Firearm by a Convicted Felon in violation of 18, U.S.C. § 922(g)(1) ("Count III"). Shortly thereafter, the Probation Office prepared a Presentence Investigation Report ("PSR"), wherein it recommended that Cleckley be sentenced as a career offender under U.S.S.G. § 4B1.1 based on his prior convictions for aggravated assault and possession with intent to deliver a controlled substance. Cleckley did not object to his classification as a career offender or to the PSR's

description of the offense conduct for either of his predicate offenses. The career-offender enhancement increased Cleckley's offense level from 27 to 31, after the three-point reduction for acceptance of responsibility was applied. As a result, his Guidelines range was 188 to 235 months' imprisonment.

This Court then sentenced Cleckley as a career offender to a term of imprisonment of 248 months: 188 months at Count One, a concurrent sentence of 120 months at Count Three, and a consecutive sentence of 60 months at Count Two (as required by U.S.S.G. § 2K2.4, Application Noted 2(A) and 18 U.S.C. § 924(c)(1)(D)). The Court also imposed a five-year term of supervised release at Counts One and Two and a three-year term of supervised release at Count Three, with such terms to run concurrently. On July 28, 2011, the United States Court of Appeals for the Third Circuit affirmed Cleckley's conviction and sentence in a non-precedential opinion. *See U.S. v. Cleckley*, 440 F. App'x 115 (3d Cir. 2011).

On September 22, 2011, Cleckley filed a *pro se* § 2255 petition in which he raised four claims of ineffective assistance of counsel: (1) that his trial counsel was ineffective generally; (2) that the court had a bias against him; (3) that his trial counsel was ineffective for failing to raise issues of suppression on appeal; and (4) that his trial counsel was ineffective for failing to discuss with him the inclusion of matters of suppression in an appellate brief. Three months later, Cleckley filed a MOTION TO DISMISS MOTION TO VACATE (ECF No. 58) and a MOTION FOR EXTENSION OF TIME TO FILE NEW MOTION TO VACATE SENTENCE (ECF No. 59). In the former motion, Cleckley asked the Court to dismiss his § 2255 petition because "[he] had an inmate help me and [he didn't] think [he] did it right with him" and to permit him to "supplement and amend a new 2255 motion." In the second motion, Cleckley again requested permission to amend and supplement his initial § 2255 motion and for an extension of time

within which to do so. By Text Order dated January 3, 2012, the Court ordered the government to file a response, with which it complied on January 10, 2012. (ECF No. 61).

By Memorandum Opinion and Order dated February 14, 2012, the Court dismissed Cleckley's motion to vacate, denied his motion to dismiss, and denied his motion for extension of time/motion to amend as futile. No certificate of appealability was issued.

A week later, the Clerk of Courts docketed another form § 2255 motion filed by Cleckley, which was dated and signed on February 12, 2012.[1] As this Court previously noted,

> [i]t is not clear if Cleckley filed this motion in an attempt to supplement his already adjudicated Section 2255 motion, if he desired to file a second § 2255 motion, or if he sent the instant Motion before he received the February 14, 2012 Memorandum Opinion and Order in which his original Section 2255 was denied as substantively without merit.

Mem. Opinion and Order, February 27, 2012, at 3 (ECF No. 66). Nevertheless, the Court construed the filing as a second or successive petition and dismissed it because Cleckley had not received authorization from the Court of Appeals before filing it. The Court also explained that even if the motion was not deemed a second or successive petition, it would nonetheless be denied because "[Cleckley's] unsupported allegations of ineffectiveness of counsel, without more, do not satisfy the standards set out in *Strickland v. Washington*, 466 U.S. 668, 690 (1984)." *Id.* at 3.

Cleckley thereafter filed a motion in the Court of Appeals requesting a certificate of

---

1. The motion raised six grounds for relief, all based on ineffective assistance of counsel: (1) counsel failed to file a suppression motion and labored under a conflict of interest, (2) counsel failed to conduct meaningful investigation, (3) counsel led him to waive his right to a jury trial and misled him with false information, (4) counsel failed to challenge the predicate offenses that triggered the career-offender enhancement, (5) counsel failed to request credit or a downward departure for the time he spent in state prison and to notify the Court that it could disagree with the crack/powder disparity, and (6) counsel failed to challenge an alleged Speedy Trial Act violation. Cleckley also alleged that the Court erred by forcing him to proceed with an attorney who had a conflict of interest.

appealability that would allow him to appeal this Court's February 14 order denying his initial § 2255 petition. By Order dated November 16, 2012, his request was denied. (ECF No. 73). In denying the request, the Court of Appeals explained,

> We have reviewed each of the claims set forth in Cleckley's motion to vacate, filed on September 13, 2011, <u>and his amended motion</u>, filed on February 12, 2012. We find that <u>none</u> of Cleckley's claims of ineffective assistance of counsel has merit because he has not demonstrated that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Id.* (quoting *Strickland*, 466 U.S. at 694).

On June 26, 2014, Cleckley filed this motion, asserting that extraordinary circumstances justify granting him relief from this Court's order dismissing his initial § 2255 motion.

## II. Discussion

Under Rule 60(b), the Court may grant a party relief from a judgment, order, or proceeding for several enumerated reasons and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To prevail on a Rule 60(b)(6) motion, the movant must first show that the motion was made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Then, he must show that "extraordinary circumstances" justify reopening the proceeding. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted). "Such circumstances will rarely occur in the habeas context." *Id.* at 535

As an initial matter, because the Court has already denied Cleckley's habeas application, it must satisfy itself that this motion is a "true" Rule 60(b) motion and not, in fact, a disguised second or successive petition subject to the restrictions of AEDPA. *See Pridgen v. Shannon*, 380 F.3d 721, 726–27 (3d Cir. 2004). If it is the latter, the Court cannot consider the merits of the motion because Cleckley did not obtain authorization from the Court of Appeals prior to filing it. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002).

4

A Rule 60(b) motion must be construed as a second habeas application if it "add[s] a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. Conversely, a Rule 60(b) motion should not be treated like a habeas application when it challenges a "defect in the integrity of the habeas proceeding" or "merely asserts that a previous ruling which precluded a merits determination was in error." *Id.* at 532 & n.4.

Cleckley argues that his motion does not present a new claim but instead challenges the Court's alleged failure to rule on his motions to dismiss and for leave to amend prior to ruling on his initial § 2255 motion, which allegedly deprived him of an opportunity to raise "his Career Offender/*Begay* claim, and other claims presented in his February 21, 2012 Motion to Vacate, as a Supplement to his September 29, 2011 Motion to Vacate."[2] Def.'s Mot. at 12 (ECF No. 84). The Court will assume that Rule 60(b) is the proper vehicle through which to raise this challenge.

Be that as it may, Cleckley is simply incorrect about what transpired in the prior § 2255

---

2. In *Begay v. United States*, 553 U.S. 137 (2008), the United States Supreme Court concluded that the residual clause in § 4B1.2(a)(2) "covers only similar crimes, rather than every crime that 'presents a serious potential risk of physical injury to another.'" *Id.* at 142 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). And "[a] crime is similar in kind to one of the enumerated examples if it 'typically involve[s] purposeful, violent, and aggressive conduct.'" *United States v. Johnson*, 587 F.3d 203, 208 (3d Cir. 2009) (quoting *Begay*, 553 U.S. at 144–45). Recklessness will not suffice. Cleckley's "reliance upon *Begay* is misplaced, however, because *Begay*'s prohibition on counting reckless crimes as crimes of violence applies only in residual clause cases," which this clearly is not. *U.S. v. Marrero*, 743 F.3d 389, 398 (3d Cir. 2014) (citations omitted). Aggravated assault – one of Cleckley's predicates – is expressly listed in Application Note 1 to U.S.S.G. § 4B1.2, and so it is "considered [an] 'enumerated' offense[] for purposes of the crime-of-violence analysis." *Id.* (concluding that "murder" is an enumerated offense and thus *Begay* is inapplicable).

proceeding. Notwithstanding any alleged procedural defects,³ Cleckley was <u>not precluded</u> from having the merits of the claims set forth in his February 21 motion reviewed. Both this Court <u>and</u> the Court of Appeals considered the merits of those claims, including the "Career Offender/*Begay* claim," and agreed that they failed to satisfy the rigorous requirement established in *Strickland*, 466 U.S. at 694. Therefore, there is no basis for granting the relief requested. Cleckley already had his one bite at the § 2255 apple, and he has not identified any extraordinary circumstances that would justify giving him another. *See Gonzalez*, 545 U.S. at 535 (citations omitted). His disagreement with the Court's prior ruling on the merits of his claim simply does not suffice. *See Holland v. Holt*, 409 F. App'x 494, 496-97 (3d Cir. 2010).

Nor has he shown that the instant motion was filed "within a reasonable time," as is required by Fed. R. Civ. P. 60(c)(1). Cleckley's first habeas motion was dismissed on February 12, 2012, his second motion was dismissed on February 27, 2012, and the Court of Appeals denied his request for a certificate of appealability on November 16, 2012. Even though Cleckley knew of the alleged defects in the integrity of the § 2255 proceeding at that time, he waited until June 20, 2014 – more than two years after this Court dismissed his first motions and 18 months after the Court of Appeals denied him the opportunity to appeal – before filing this motion. Accordingly, it is patently untimely, and Cleckley has not even attempted to identify a legitimate reason for the delay. *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007) (citations

---

3. The Court notes that nothing required it to rule on Cleckley's motions to dismiss and to amend his September § 2255 motion in a separate order before ruling on the merits of his claims. Furthermore, although leave to amend should be "freely given," Fed. R. Civ. P. 15(a), the Court has the discretion to deny leave when it would be futile, *Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007). When he filed his motions to dismiss and to amend, Cleckley did not file a proposed amended petition or otherwise explain how he proposed to amend or supplement his existing petition. Thus, it was entirely proper for the Court to deny him leave at that time. *See Misischia v. St. John's Mercy Health Systems*, 457 F.3d 800, 806 (8th Cir. 2006) (holding that district court did not abuse its discretion in denying leave to amend where party did not "explain the substance of his proposed amendment").

6

omitted) ("A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner.").

## III. Conclusion

For the reasons hereinabove set forth, Cleckley's motion will be denied. The Court will also decline to issue a certificate of appealability. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) 02:09-cr-0246 |
| FREDDIE LAMONT CLECKLEY | ) |

# ORDER OF COURT

AND NOW, this 25th day of July, 2014, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Freddie Lamont Cleckley's MOTION PURSUANT TO RULE 60(b)(6) (ECF No. 84) is **DENIED**. It is **FURTHER ORDERED** that a certificate of appealability is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: **Freddie Lamont Cleckley**
30593-068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505
PRO SE

**Troy Rivetti, Esq.**
Email: Troy.Rivetti@usdoj.gov